We'll now proceed to the final case of today, Stewart v. Derbort. Your Honors, if it pleases the Court, Fabian Rosati. Let's hold on and let's let everyone get settled in. You may proceed, sir. Good afternoon, Your Honors. This is Fabian Rosati on behalf of the plaintiffs. On August 10, 2022, Plaintiff Vicki Stewart traveled to her daughter, Jamie Hawkins' home to notice that the rear sliding door cracked open. She peered inside and noticed the body of her daughter lying on the kitchen floor with a pool of blood at her head. In panic and frantic, Ms. Stewart called 9-1-1, advised 9-1-1 operators that her daughter's body was on the ground and there was blood on the floor. The operators asked Ms. Stewart, what happened? Did she shoot herself? Ms. Stewart said, no, I don't know. There's tons of blood. But the 9-1-1 operator asked, can you go inside and check if she's alive? Ms. Stewart was unable to do so. She was in a state of shock. Later, the caterer-  Yes. I think we're all familiar with the facts and our time is limited. May I ask you, your brief contains the usual certification that you've complied with the appendix requirements for a brief here. And I see the district court's order, but I don't see the district court's judgment. And the reason I make a point of it is because when we look at the judgment, it actually doesn't fit the order. The clerk issued an order dismissing a judgment or dismissing the entire case without prejudice, all claims, and not what the judge had written in the order. First of all, can you explain the absence of the judgment from your appendix? I cannot, other than an oversight on my part, if it was not attached. I believe the order was attached to the briefs. The opinion was, but not the judgment you're appealing from. And I'm hoping the defense will be able to shed some light on this as well, since they're the ones who are actually affected by the discrepancy. But you're the one who certified that the appendix was complete. Yes, and I believe the court dismissed the case with prejudice. Why do you think that? Well, he denied the ability to file an amended complaint. Did you look at the judgment? Yes, I did. I don't have it with me. Did you notice that? OK, so you don't have with you the judgment that you're asking us to overturn. And it's supposed to be in the brief, in the appendix. And it doesn't fit the opinion that you did submit with it. Now, you're not responsible for that discrepancy. But why don't you go on and get to the issue, substantive issues on appeal. Thank you. The substantive issues on appeal is that the plaintiff asserted a denial of access to court's claim based on an underlying claim of wrongful death. The court found that the ability to file an amended complaint would be purely conjectural, and that it was not necessary. Defense argues that since, and the court stated, since the plaintiff did not identify an individual responsible for the violent act that the case could not move forward, citing Christopher Harbery. Defendants overstate the holding, Christopher, however. Again, the denial of access must identify an underlying claim, not explicitly require the identification of the wrongdoer, the violent actor. Does your complaint do that? Does it set forth a wrongful death claim sufficiently to satisfy Rule 8? We believe it does. Can you point to me where? OK. So the complaint alleges that the dispatchers intentionally and recklessly provided false information to first responders. Right, right, right. But that's your claim here. The Christopher requires you to plead the claim that you believe that you were not able to bring because of the defendant's actions. Where in your complaint do you set forth those allegations? Well, we allege that Jamie Hawkins was shot in the head under suspicious circumstances, that the backsliding door was cracked open when it could only be locked from the inside, that the bullet hole in the ceiling was at such a unusual angle that there were unusual blood splatters tailing away from her body that were overlooked. All these instances of evidence indicate wrongdoing, intentional act, and not a mere suicide. Also, there was no blood on the plaintiff's hands at the time the initial body was located. It was only noticed on the fingers at some point after Ms. Stewart observed her daughter's body. So if an individual is assumed to have committed suicide, there's going to be, by a gunshot, there's going to be blood on her hands. The bullet hole in the ceiling is going to be, the trajectory is going to be commensurate with the bullet hole in the body, which is, in this case, the head. And the blood trails from the body to the door would not be as conspicuous as they were. So the evidence indicates that there were certainly suspicious signs of wrongdoing. There were also witness statements that there were people leaving the property in the early morning hours prior to Ms. Stewart arriving on scene. Those witnesses were not interviewed by the police. Did your client try to, did you try to interview them, or did your client try to interview them? My client attempted to interview them, to speak with them, and was told that she shouldn't, by the police officers, to stay where she was and not to interfere. Is the statute of limitations on the wrongful death claim, has that run? It has not, but as pled in the complaint and in our response briefs, the evidence was destroyed. The gun, it's our understanding, is no longer in existence. There were no fingerprinting, fingerprint tests taken on scene. Mr. Rosati? Yes. Can I ask you to address the question of standing? Standing, as I understand it, Ms. Stewart and the other named plaintiffs in here would recover nothing under a wrongful death suit if one were successfully pursued. Is that right? That is still in debate. There is pending state law action in the state court, but we're arguing in our brief that it's Article III would be applicable here. There is a definitive harm here. And there is no ability to seek relief because we don't know the identity of the wrongdoers. Well, that's not my question. Even if you did know the identity of a wrongdoer, how could a successful wrongful death suit in state court benefit any of the named plaintiffs when the only heir is not participating and is not asserting any of these rights? Well, the district court found that Ms. Stewart did have standing. I know. I'm asking you, how and why would she have standing if she could not benefit from the underlying, from at least the hypothetical underlying wrongful death action? Would there be punitive damages? Punitive damages for her? For the, yes. That would go to the estate, right? Correct. And there's one heir for that estate, correct? There's one heir, and there is multiple next of kin. The one heir is not a plaintiff here. That's correct. So how do we get to any other plaintiff having any kind of conceivable injury in fact here? Well, the award would go to the estate of Jamie Hawkins. So it would be collected by the estate of Jamie Hawkins. For the benefit of that one heir. Well, on the state claims. Yes. And what about the federal claims? On the federal claims, it would be Article 3. We're all familiar with Article 3, but I don't follow your logic to find injury to Ms. Stewart. Because I'm not, I beg your pardon, Your Honor. So the damages were awarded to the estate in the state court proceeding for wrongful death. That couldn't happen, though, because we don't know the identity of the wrongdoer. OK, thank you. Thank you. Thank you. Mr. Stocks? Thank you. May it please the court counsel, Jerry Stocks on behalf of the city of Decatur defendants. We asserted a 12B1 and 12B6. We still challenge and contest subject matter jurisdiction under Article 3, because we have no party with injury in fact that is a stakeholder in this case in any claim whatsoever, in any federal question in this case. What about the estate? The Illinois Wrongful Death Act is very specific in Section 2 of the Wrongful Death Act that says that the cause of action is brought nominally by a representative for the exclusive benefit of the next of kin. The probate estate in this case with a final order declaring heirship is Jared Hawkins. The Wrongful Death Act defines, and the case law beneath it, the Carter Doctrine, Carter case, the Finley case that we have cited from state law, expressly states that the determination of next of kin is defined by the order of heirship entered in the probate court. Who were the next heirs at law? And here we just have Jared. The decedent did not have a spouse, had only a descendant. So our position has been from the inception of this case that our plaintiffs are interlopers in this claim, dissatisfied and understandably emotionally upset in what they think was not an appropriate police investigation. But that does not rise to the level of giving them constitutional standing because they have no injury in fact. Even if only the heir would ultimately receive the proceeds from the wrongful death action, could the estate administrator receive nominal or punitive damages in this federal action since the estate administrator is the one that Illinois law requires to actually pursue the wrongful death action? I would say no. First, in the Illinois Wrongful Death Act, it expressly says that punitive damages are for- No, I'm asking could the estate receive nominal or punitive damages in this federal action? No, because the estate, the underlying action for which access to the courts has been denied in their claim is the Wrongful Death Act. So we would have, if there was, 1983 is just a vehicle for vindicating the rights that flow through that. So if they had a constitutional right to pursue that claim, it's that claim that defines their damages. But a nominal representative has no injury in fact. It is the nominal representative brings the claim for those persons that do have injury in fact. Standing is a function of, do we have injury in fact? And here, only Jared Hawkins can have that injury in fact. Even to a nominal damage. Because we, especially in the Illinois Wrongful Death Act, we are dealing with a party that is only a nominal representative. And I want to correct one other thing. Illinois is unequivocally clear that these claims do not belong to the decedent's estate. The decedent had passed away. So any action or claim she has had abated and does not survive. But more importantly, none of the claims had yet occurred. They're complaining about conduct of the city of police and the other defendants that occurred after death. There's no way a Survival Act claim could ever sweep that in and make that part of a decedent's estate. So for this reason, all of this litigation has been for the benefit of no one who truly has a legitimate stake in the case. Is there any substantive difference between the access to court claim under Section 1983 and the underlying constitutional claim that they're seeking to vindicate under Section 1985? In other words, if the 1983 claim fails because the wrongful death action is too speculative or the police's actions weren't bad enough, essentially, to warrant interference with your underlying state court action, does the 1985 action fail for the exact same reasons? It would, because we don't have an injury in fact. So we're asking ourselves, we denied equal protection to someone to pursue what? And they have to have that injury in fact. And then we say, did we deny them peer obstruct justice or deny them that injury in fact person their remedy because of equal protection reasons? And we still get to the same place. First, we denied a special administrator, an office, not an individual, the ability to get this remedy. But the remedy isn't there. So it's a second step to get to the same empty bag. I have to defer the balance of my time to co-counsel on the other issues. Thank you, Mr. Justice. Thank you, Mr. Stein. Excuse me. Oh, I'm sorry. Counsel? Judge Hamilton, another question. Sorry, Judge. Could you address the discrepancy between the opinion and the judgment? I cannot, Your Honor. And to be perfectly candid, I did not recognize that. And I heard it for the first time today. For purposes of my primary objection, I don't think they ever had the jurisdiction to enter the order to begin with. But I apologize. The dismissal without prejudice is consistent with no standing across the board. But that's not what the district judge wrote in his opinion. So it's a bit of a puzzle. Yes, it is, Your Honor. Thank you. All right, Mr. Matthews. Good morning, Your Honors. And may it please the court, I'm David Matthews. And I'm arguing on behalf of the non-Decatur defendants. But just for purposes of the record, I've only actually been retained by the dispatchers. I'm going to make three quick points this morning and address more of the merits of the claims. And then at the end, go back to Judge Hamilton's question. But I guess as a preview of coming attractions, much like Mr. Stocks, I will just take the loss and egg on the face and acknowledge I did not notice the distinction that he had brought up. Although, if the judgment of the order was without prejudice, then we have an even more obvious question. Why was there no amended complaint filed in the district court? In fact, one of the three issues I wanted to address was the issue of leave to amend. That's something the plaintiff leaned really hard into on their briefs. Before you get there, I'm sorry. Vicki Stewart brings a 1985 claim saying that the dispatchers discriminated against her on the basis of her age. At least that's her theory, right? Would that be sufficient to give her standing with regard to the Section 1983 claims, a claim of discrimination? My inclination to that, Your Honor, would be no. I will tell Your Honor I didn't go deep into the standing issue because Mr. Stocks is a smart guy in covering it, and I didn't want to charge my clients twice. I'm sorry. I should have asked Mr. Stocks. But I'm inclined to say the answer is no, because she still doesn't have an injury in fact. One of the things about the dispatchers that's interesting is the only, since you brought up two issues, one of the other issues I wanted to discuss was the Section 1985 claim that there has to be discrimination based on membership in a protected class. And on their brief in page 8, the plaintiff references that these facts allow class-based animus against persons seeking justice for perceived homicide victims. That's in their brief. And there is no case that's ever held that that was a protected class. The closest they come is in a reply brief in this court trying to suggest that the dispatcher's statements may demonstrate some kind of age-related prejudice. One problem, you can't amend your complaint in a reply brief in the Court of Appeals. Another problem, that only applies to the dispatchers, not any of the other defendants. And number three problem with that, they also allege in the same complaint that all of the police officers were aware that there was a discrepancy between what the dispatchers said about a successful suicide and the fact that the 911 caller simply said she didn't know whether it was a suicide or not. So how is their deception or misleading when the plaintiff's own allegations are that everyone else knew, because we have the radio transmissions, that the caller only said, I don't know? So they cannot bring a 1985 claim. There is no evidence of discrimination based on membership in a protected class. Nor can they bring an access to the court's claim. No court, not the Supreme Court in Christopher, not this court, not any other court that either we could find or the plaintiff could cite has said you can bring an underlying access to the court's claim, excuse me, that you can bring an access to the court's claim when you have no idea who the defendant would be in the underlying case. And I believe that is the point of Your Honor's questions and Judge Hamilton's questions. They have not pleaded a valid claim, valid underlying claim, because they have no defendant. And to allow such a claim with no identifiable defendant would to drain the non-frivolous requirement in Christopher of any meaning. Mr. Matthews, could I ask, I don't know if the answer to this matters, but do you know as a matter of Illinois law and the procedures in the estate whether Vicki Stewart was appointed as a special administrator or instead had the estate reopened with her as the administrator or personal representative as originally handled? Sorry, Judge, were you finished? I didn't mean to interrupt you. Yes. The only thing I can tell Your Honor, because again, I did defer to Mr. Stocks on this, is that in the course of this case, Ms. Stewart went back to the probate court and tried to reopen the matter and get the probate orders of who was appointed for what changed. I can't give you more specifics than that, because I simply do not know and I don't want to tell you wrong. And we're all still on the pleadings on this. That is correct, Your Honor. OK, thanks. The last thing I want to say as my time is running down is to go back where I started with the issue of amendment. We cited the James Cape case that says a district court doesn't abuse its discretion in denying leave to amend when there's never a request to amend in the first place. And if there is a discrepancy, maybe a Scrivener's error with Judge Bruce's judgment and his opinion, that's all the more reason there should have been a motion to reconsider or a request for an amended complaint. There wasn't. There are a lot of different reasons to affirm, and I would respectfully ask your honors to do that. Thank you. Mr. Rosati, I'll give you a minute. Yeah, as far as the discrepancy goes with regard to counsel's comment that all the police officers knew that the statement that the 911 operator provided was false is correct, because when they got the scene, they realized that this wasn't a suicide. There was too many inconsistencies with suicide, and they overlooked it. As far as the amended complaint goes, the order provided that the case was dismissed with prejudice and that any future amendment would be conjectural and it would not be successful. Thank you. And Mr. Rosati, did you ever submit, excuse me, did you ever submit to the district court or to this court any concrete indications of how you might have amended this complaint? Your honor, no, because I read the order and it said it was dismissed with prejudice, and that meant to me that I was not able to file an amended complaint. But that's not what the judgment says, but OK, got it. All right, thanks.  Thank you. Thank you, everyone. The appeal will be taken under advisement.